CONDRIN CONSTRUCTION COMPANY, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, DEFENDANT AND THIRD-PARTY PLAINTIFF-RESPONDENT, v. CARRINO CONTRACTING AND TRUCKING CO., INC. ET AL., THIRD-PARTY DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued October 27, 1980—Decided February 9, 1981.

Before Judges ALLCORN, KOLE and PRESSLER.

*Steven E. Brawer* argued the cause for appellant (*Rosenberg & Brawer*, attorneys; *Richard K. Rosenberg*, of counsel; *Richard K. Rosenberg* and *Steven E. Brawer*, on the brief).

*David G. Crocco* argued the cause for respondent.

The opinion of the court was delivered by

ALLCORN, P. J. A. D.

In 1973 Montclair State College determined upon the reclamation of an old quarry site then extant on its property in Little Falls, for ultimate usage as an athletic field. The means pro-

posed was by way of utilization of the quarry site as a solid waste sanitary landfill to a final elevation conforming to the topography of the surrounding area, after suitable topping and landscaping.

Following advertisement for bids, Montclair State entered into a contract with Carrino Contracting & Trucking Company, dated April 12, 1973, by the terms of which Carrino undertook to perform the work necessary for preparation of the quarry site for use as a sanitary landfill operation, for which the College was to pay no cash consideration whatever,[1] the arrangement contemplating that, after preparation of the site, the successful bidder would operate and use the sanitary landfill at its own cost and expense in connection with its own solid waste collection business and charge and collect fees from other users for the privilege of depositing solid waste therein. The contract stipulated that the entire operation, including the site preparation work and the filling and landscaping of the site, would be completed by a date "no longer than eighteen (18) months after award of contract."

The contract required the contractor to supply "a Performance Bond" as security for the performance of the contract, and a "Payment Bond" to secure "the payment of all persons performing labor on the project." Notwithstanding the contract provision that the construction of the improvement was to be at no cost to the College, Carrino supplied to the College a single combined performance and payment bond, issued by defendant Hartford in the required amount ($20,000), in the form prescribed by N.J.S.A. 2A:44–143 et seq. In keeping with the statutory provisions, the bond ran to the State (College) and was conditioned upon the proper performance of the work in accordance with the terms of the contract of April 12, 1973, and was further conditioned upon the payment by the contractor (Carri-

---

[1]The contract expressly provided that the work to be done by the contractor was to be done "at no dollar cost or other indirect cost to the State of New Jersey."

no) of "all lawful claims" of subcontractors and for labor, material, equipment, etc., "used or consumed" in the performance of the contract. *N.J.S.A.* 2A:44–147.

On May 9, 1973, subsequent to the execution of the contract between Carrino and the College, Carrino entered into an agreement with plaintiff (Condrin) by which Carrino subcontracted to Condrin a portion of the site preparation work. The work so subcontracted dealt with the furnishing of materials for and the construction and installation of an underground water supply line from the College's existing water main to the vicinity of the landfill site, terminating at a new fire hydrant, also to be furnished and installed by Condrin.

It appears to be uncontroverted that Condrin thereafter commenced the work covered by the subcontract and, by June 25, 1973, had completed almost the entire job—approximately 95% thereof. The final aspects were impossible to complete due to the presence of obstructions created by an existing underground gas main and electrical duct. Condrin thereupon notified Carrino and the College of the existence of the obstructions, advised that Condrin could not proceed further with his work until the obstructions had been relocated, and requested that they be relocated. Both Carrino and the College seemingly failed to relocate the obstructing facilities and, after two months following the initial notice to Carrino and the College, Condrin advised Carrino that Carrino's failure to act in this regard "rendered our performance to complete [the work] impossible," and demanded payment of the contract price. Subsequently, Condrin sued Carrino for the work performed and the materials supplied. Condrin recovered judgment against Carrino for the balance, in the principal sum of $8,500, plus interest and costs, which judgment remains unsatisfied.

In the meantime, and on or about February 26, 1975, Carrino and the College entered into an entirely new contract for the reclamation work which superseded the contract of April, 1973. The reason stated in the new contract was because the term of

the 1973 contract "expired" by reason of unforeseeable delays. In substance, the superseding (1975) contract contained the same provisions—with, however, at least one significant exception. That exception extended the time for completion of performance of the contract from 18 months after April 12, 1973 until 24 months from February 26, 1975, with a permitted additional 12-month extension if agreed upon by the parties. In addition, the superseding contract required Carrino to post a performance bond in the sum of $100,000 and a maintenance bond of $300,000, with no requirement for the posting of a payment bond—in contrast to the original contract which required a $20,000 performance bond and a "payment bond in an identical amount as security for the payment of all persons performing labor on the project."

On January 30, 1978, Condrin's judgment against Carrino still remaining unsatisfied, Condrin commenced the present action against Hartford, as surety on the bond posted by Carrino under the terms of the original (1973) contract. Hartford raised as a defense the terms of *N.J.S.A.* 2A:44–145 which provide, in part, that "no action shall be brought against any of the sureties on the bond required by this article until the expiration of 80 days after the acceptance of the building, work or improvement by the duly authorized board or officer"—asserting that the improvement contemplated by the contract of April 12, 1973 between Carrino and the College had not yet been completed or accepted. The trial court held that it was bound by the terms of the statute and dismissed plaintiff's complaint as premature. The present appeal has been taken from said determination.

In our judgment, plaintiff is entitled to recovery against the surety without regard to the noncompletion and the nonacceptance of the improvement in light of the peculiar circumstances here present.

Initially, it is observed that the bond, in the form supplied by Hartford and Carrino and on which this action is founded, was not "required" by the statute as a condition of the award of the contract to Carrino. The statute, *N.J.S.A.* 2A:44–143, states:

When public buildings or other public works or improvements are about to be constructed, erected, altered or repaired under contract, *at the expense of the State* or any county, municipality or school district thereof, the board, officer or agent contracting on behalf of the State, county, municipality or school district, shall require the usual bond, as provided for by law, with good and sufficient sureties, with an additional obligation for the payment by the contractor, and by all subcontractors, for all labor performed or materials, provisions, provender or other supplies, teams, fuels, oils, implements or machinery used or consumed in, upon, for or about the construction, erection, alteration or repair of such buildings, works or improvements.

When such contract is to be performed at the expense of the State and is entered into by the Director of the Division of Building and Construction or State departments designated by the Director or the Division of Building and Construction, and such contract is for a sum not exceeding $20,000.00, the director or the State departments may at their discretion waive the bond requirement of this section. [Emphasis added.]

As was indicated hereinbefore, the April 12, 1973 contract contained the explicit provision that the improvement was to be "at no dollar cost or other indirect cost to the State of New Jersey." Indeed, the prefatory language of the bond itself recites that "the above-named Principal" and the State (College) have entered into the contract to convert the quarry site "at no dollar cost or other indirect cost to the State of New Jersey...." Manifestly, the improvement contracted for in the 1973 agreement was not to be constructed "at the expense of the State." *N.J.S.A.* 2A:44–143. Hence, the limitation against any action on the bond by a subcontractor until performance of the contract and the "acceptance ... of the ... improvement" (*N.J.S.A.* 2A:44–145)—obviously designed for the protection of the public agency in avoiding depletion of the amount of the bond until after full performance of the work and acceptance thereof by the public agency, *Newman v. Maryland Cas. Co.*, 112 *N.J.L.* 122, 126 (E. & A. 1933)—is not a significant consideration and should not operate to bar plaintiff's present action.

Moreover, and even assuming that diminution of the amount of the bond was here of some actual concern to the College—the College has effectively waived any such protection contained in the bond securing the 1973 contract by virtue of its action in entering into the 1975 contract with Carrino, which completely

superseded the earlier (1973) improvement agreement. Nor should it be overlooked that, when Condrin agreed with Carrino to undertake the subcontract for the water line extension and hydrant work, it did so in light of the terms of the initial (1973) contract between Carrino and the College which expressly called for completion of the entire project within 18 months after April 12, 1973. Thus, in contracting with Carrino, Condrin could properly contemplate performance of the contract by Carrino and acceptance of the improvement by the College no later than October 1974, by which date Condrin could reasonably expect that, if Carrino had not yet paid Condrin, the latter could proceed on the bond. The superseding contract by its terms defeated such expectation by extending the date of completion (and, hence, acceptance) to 24 (or, possibly, 36) months from February 26, 1975. We conceive it to be neither fair nor equitable to Condrin to thus defeat or delay his legitimate expectations of right of recovery under the surety bond from October 1974 to February 1977 or 1978. Indeed, we understand that, as of the present time, the contract between Carrino and Montclair State College still has not been performed. *Compare, Petrillo & Son v. Amer. Constr. Co.,* 148 *N.J.Super.* 1 (App.Div. 1977), certif. den. 75 *N.J.* 4 (1977).

Equally significant is the fact that, in the course of the trial of the present cause, Jerome R. Quinn, Director of Institutional Planning of Montclair State College, testified that the work subcontracted to plaintiff had been "essentially completed." This testimony accords with the effect of the judgment heretofore obtained by plaintiff against Carrino for the work subcontracted, establishing that the work of Condrin had been satisfactorily completed, with the exception of the last 5%, which, it appears, was impossible for Condrin to perform. Additionally, there is a complete absence of anything in the record to suggest that Condrin's work was not entirely acceptable.

In light of all the foregoing, we are satisfied that, at this juncture, plaintiff is entitled to recover against Hartford the total amount of the judgment recovered against Carrino, plus

accrued interest and costs. Whatever else may be said, the statute with which we are here dealing, *N.J.S.A.* 2A:44–143 *et seq.*, is not for the benefit of the public agency alone, but also for the benefit of those who furnish work, materials and supplies on the particular public project. *Newman v. Maryland Cas. Co., supra.* Consequently, and even assuming that the statute is here applicable, it should not be so interpreted as to operate to defeat the legitimate claims for work, materials and supplies actually furnished in the construction of the improvement—especially where no good purpose would be otherwise served. See, generally, Annotation, "Right of person furnishing material or labor to maintain action on contractor's bond to owner or public body, or on owner's bond to mortgagee," 77 *A.L.R.* 21 (1932); 118 *A.L.R.* 57 (1939).

The judgment is reversed and the cause is remanded to the Law Division with directions to enter judgment in favor of plaintiff against defendant Hartford in accordance with this opinion.